MADDOX, Justice.
The question presented on this appeal is whether the trial court’s finding that a fertilizer mixing company was not responsible for a fish kill in a pond on adjacent land was clearly erroneous because it was against the great weight of the evidence.
Douglas Faulk, the plaintiff, owned land in New Brockton, Alabama. He purchased an adjoining parcel and built a pond, and stocked it with approximately 2000 catfish. The pond was supplied by rainwater and runoff from the adjacent land, including land on which Gold Kist maintained a fertilizer plant.
Gold Kist stored bulk fertilizer components inside its facility and sold the fertilizer directly to consumers, who were usually farmers. Trucks carrying the fertilizer were loaded inside the plant, by use of an enclosed auger, which would dump the fertilizer directly into the customer’s truck.
Several years after Faulk had built the pond, he noticed that there was a thick scum floating on the surface of the water and that all the fish had died. A State biologist told Faulk that the thick scum was a buildup of nutrients, which had depleted the oxygen supply, and that the fish had died because of an oxygen deficiency. The biologist told Faulk that a factor contributing to the buildup of algae on the surface of the water might be that some of the fertilizer from Gold Kist was getting into the pond through a ditch that drained water into the pond.
Faulk sued Gold Kist, alleging trespass to his property and asking for damages based on the alleged trespass. The trial judge, who heard the ore tenus evidence, entered a judgment in favor of Gold Kist.
Faulk appeals to this Court, primarily arguing that the findings of fact made by the trial judge are clearly erroneous because, Faulk claims, they are against the great weight of the evidence. We have reviewed the evidence, and we conclude that the findings of fact made by the trial judge are not against the great weight of the evidence, and therefore, are not clearly erroneous.
The facts of this ease are somewhat similar to the facts in Rushing v. Hooper-McDonald, Inc., 293 Ala. 56, 300 So.2d 94 (1974), where the plaintiff alleged a trespass to a fish pond that he was leasing. In Rushing, this Court held that the trial judge incorrectly gave the affirmative charge with hypothesis in favor of the defendant, and cited with approval Restatement (Second) of Torts, § 158, “Liability for Intentional Intrusions on Land,” which states the following:
“One is subject to liability to another for trespass, irrespective of whether he *24 thereby causes harm to any legally protected interest of the other, if he intentionally
“(a) enters land in the possession of the other, or causes a thing or a third person to do so, or
“(b) remains on the land, or
“(e) fails to remove from the land a thing which he is under a duty to remove.”
As quoted in Rushing, 293 Ala. at 59, 300 So.2d at 96 (emphasis added in Rushing). In Rushing, this Court adopted the Restatement test, and held that there was enough evidence in that case of trespass to present a jury question as to whether there was an intentional intrusion onto the property. The legal principle established in Rushing was reaffirmed in Borland v. Sanders Lead Co., 369 So.2d 523, 529 (Ala.1979), where this Court said that the trespass must be a “real and substantial invasion of a property interest.”
As previously stated, the trial judge was the factfinder in this case, and the principle of law we apply on review of findings made in such cases is that “[wjhere evidence is presented to the trial court ore tenus, a presumption of correctness exists as to the court’s findings of fact; its determination will not be disturbed unless clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence.” Lynaum Funeral Home, Inc. v. Hodge, 576 So.2d 169, 170 (Ala.1991) (citations omitted). We have applied that principle to the evidence presented in this case, and we conclude that the findings made by the trial judge are not “clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence.”
There was conflicting testimony as to whether Gold Kist caused any fertilizer to enter Paulk’s land. Even though Faulk presented evidence that Gold Kist sometimes had fertilizer spills, there was also evidence that Gold Kist had not had any spills during the time of the fish kill. On the contrary, there was evidence that Gold Kist took care to prevent any fertilizer from leaking. Although there was evidence that fertilizer coming from Gold Kist could have caused the kill, Gold Kist also presented evidence of other possible reasons for the kill: too many fish in the pond, overfeeding of the fish, inadequate aeration of the water, lack of water quality control, and other sources of contamination. Because the evidence of an intrusion that was “real and substantial” was disputed, Faulk has failed to convince us that the trial court’s judgment based on its findings of fact must be set aside. We, therefore, affirm the judgment of the trial court.
AFFIRMED.
ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.